UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FURA,

    Plaintiff,

v.

Case No. 10-13298

Hon. John Corbett O'Meara

FEDERAL EXPRESS CORPORATION
LONG TERM DISABILITY PLAN, *et al.,*

    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING
IN PART PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT**

Before the court is Plaintiff's motion for entry of final judgment, attorney's fees, costs, and interest, which has been fully briefed. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

**I.   Attorney's Fees**

Seeking long-term disability benefits pursuant to ERISA, Plaintiff Edward Fura prevailed in this matter on cross-motions for summary judgment. Plaintiff now seeks attorney's fees, costs, and interest as well as the entry of a final judgment.

The court has discretion to award the prevailing party reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). In determining whether to award attorney's fees, the court must consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an

>ERISA plan or resolve significant legal questions regarding
>ERISA; and (5) the relative merits of the parties' positions.

Secretary of Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985); Moon v. Unum Provident Corp., 461 F.3d 639, 642-43 (6th Cir. 2006). No single factor is determinative, rather, "they are considerations representing a flexible approach." Moon, 461 F.3d at 643.

The court finds that all but the fourth factor weigh in favor of an award of attorney fees. As Defendants point out, a decision to overturn a plan administrator's decision as arbitrary and capricious does not necessarily indicate culpability or bad faith. See Moon, 461 F.3d at 643. Here, however, the court found that Aetna relied upon the conclusory findings of peer reviewers who did not examine Plaintiff and ignored, without explanation, the findings of Plaintiff's treating physicians. Under such circumstances, the Sixth Circuit has found a sufficient degree of culpability to weigh in favor of an attorney's fee award. Id. at 643-44.

Defendants can also presumably satisfy an attorney's fee award.[1] This factor weighs in favor of Plaintiff. See Moon, 461 F.3d at 644.

Additionally, "the facts of this case are not so unique that they fail to serve any deterrence value to other insurance companies under similar circumstances." Id. at 645. The court in Moon noted "important principles that all plan administrators should heed," such as ensuring a "thorough review of the administrative record" and that physicians generally base their opinions on "an actual physical examination of the claimant." Id. The court further noted that an attorney fee award "should deter other insurance companies from making the same arbitrary decisions" as the defendant. This court agrees that an attorney fee award may serve to

---

[1] Although Defendants suggest that Plaintiff has not submitted evidence of the Plan's ability to pay, Defendants have not seriously contended that the Plan lacks the necessary funds.

deter Defendants and other insurance companies from making arbitrary decisions in reliance upon their own medical experts to the exclusion of the claimant's treating physicians.

As for the relative merits of the parties' positions, the court found that "on this record, Fura is clearly entitled to benefits." Order at ¶ 15. This factors weighs in favor of an award of attorney's fees.

Given that the first, second, third, and fifth factors weigh in favor of an award of fees, and no factor weighs heavily against such an award, the court finds attorney's fees to be appropriate in this case. The court must now determine a reasonable fee.

A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (citation omitted). Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

Plaintiff's attorneys request a fee of $25,222.50, which represents 129.8 hours of work on this matter, including reviewing the administrative record, conducting legal research, preparing a motion for judgment on the administrative record, preparing for oral argument, and drafting the

motion for fees.  Specifically, Plaintiff seeks a rate of $200 per hour for associate Jesse Young, who completed the majority of the work on the case; $350 per hour for partner Daniel Swanson; $200 per hour for associate Michael Chichester; and $75 per hour for paralegal Paul Burkett.  Based upon the court's experience in similar cases, the court finds these rates to be reasonable.  See State Bar of Michigan, 2010 Economics of Law Practice Survey (median rate for Southfield, Michigan, attorneys is $265; southern Oakland County, $250).

The court also finds that Plaintiff's counsel's billing records are sufficiently detailed and that the time expended on this matter is reasonable.  The court further finds that the total amount requested is reasonable given the work necessary to litigate this case and that there is no basis to enhance or reduce the award.  See Barnes v. City of Cincinnati, 401 F.3d 729, 745-46 (6th Cir. 2005) (discussing Johnson factors courts consider to adjust fees).

## II.   Prejudgment Interest

It is within the court's sound discretion to award pre-judgment interest in an ERISA case, consistent with equitable principles.  See Ford v. Uniroyal Pension Plan, 154 F.3d 613 (6th Cir. 1998); Caffey v. UNUM Life Ins. Co., 302 F.3d 576 (6th Cir. 2002).  The court finds that pre-judgment interest is appropriate to compensate Plaintiff for the wrongful deprivation of his monthly disability benefits since August 2009.

Although the statute does not prescribe a method or rate for calculating pre-judgment interest, the Sixth Circuit has held that a rate based upon the post-judgment interest rate in 28 U.S.C. § 1961 is appropriate.  Ford, 154 F.3d at 618; Caffey, 302 F.3d at 585.  In Caffey, the court approved the district court's use of a blended rate of interest, which averaged the 52-week Treasury Bill rate over the relevant time period.  Caffey, 302 F.3d at 585.  Instead of the 52-

week Treasury Bill rate, 28 U.S.C. § 1961 currently provides for "a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." The Sixth Circuit also approved the use of the stream-of-benefits model to calculate pre-judgment interest, which "calculated the interest due on each monthly payment of disability benefits beginning with the date that each payment was due." Id.

Plaintiff has undertaken to calculate pre-judgment interest based upon the stream-of-benefits model, which is appropriate. However, Plaintiff bases his calculations upon a 6% interest rate, which is significantly higher than the one-year constant Treasury yield (currently .19% as published on www.federalreserve.gov/releases/h15/current). In light of Ford, Caffey, and 28 U.S.C. § 1961, the court finds no legal basis to award interest at 6%. Plaintiff shall recalculate prejudgment interest consistent with this opinion and order.

**III.    COBRA Payments**

Plaintiff contends that the judgment should include $14,477.68 in order reimburse him for COBRA insurance payments as "consequential damages." Defendants object because Plaintiff did not seek this relief in his complaint and because Plaintiff has not demonstrated that such damages are recoverable. The court agrees that, absent appropriate pleading and briefing, such an element of damages cannot be merely inserted into the judgment. The court will deny Plaintiff's request for reimbursement of COBRA payments.

**IV.    Indemnification for Income Taxes**

Plaintiff also seeks an unspecified amount to offset any increased tax liability he may incur by receiving a lump-sum payment of past due benefits. Plaintiff has not provided legal authority in support of such a request. Therefore, the court will not permit this element of

damages.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for entry of final judgment is GRANTED IN PART and DENIED IN PART. Plaintiff shall submit a proposed final judgment consistent with this opinion and order.

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: July 10, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, July 10, 2012, using the ECF system.

                                                        s/William Barkholz
                                                      Case Manager