UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD FURA,

    Plaintiff,

v.

                                    Case No. 10-13298

                                    Hon. John Corbett O'Meara

FEDERAL EXPRESS CORPORATION
LONG TERM DISABILITY PLAN, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART PLAINTIFF'S RENEWED MOTION FOR ATTORNEY FEES, COSTS, AND INTEREST

Before the court is Plaintiff's renewed motion for an award of attorney's fees, costs, and interest, filed November 15, 2013. Defendants filed a response on December 12, 2013; Plaintiff submitted a reply brief on December 19, 2013. Pursuant to L.R. 7.1(f)(2), the court did not hear oral argument.

Plaintiff sought long-term disability benefits pursuant to ERISA. After Defendants denied Plaintiff's claim, Plaintiff sought review in this court. This court granted judgment in favor of Plaintiff, finding Defendants' decision denying benefits to be arbitrary and capricious. The court also granted attorney's fees and costs in favor of Plaintiff.

Defendants appealed to the Sixth Circuit, which reversed and remanded. In doing so, the court agreed that Defendants' decision-making process was flawed. The Sixth Circuit stated that "Aetna relied on file reviews that failed to confront significant evidence of total disability. In light of this evidence, Aetna did not give a reasoned explanation for its decision." Fura v. Federal Express Corp., 2013 WL 4017135 at *4 (6th Cir. Aug. 6, 2013). The court also stated, however, that "neither can we say, on this record, that Fura is totally disabled as a matter of law. . . . Remand, rather than outright affirmance, is thus the appropriate outcome." Id.

The Sixth Circuit remanded to this court; this court, in turn, remanded to Aetna for a "full and fair review of Plaintiff's claim." Plaintiff now seeks attorney's fees and costs, including those incurred on appeal.

The court has discretion to award the prevailing party reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g). In determining whether to award attorney's fees, the court must consider the following factors:

> (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Secretary of Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985); Moon v. Unum Provident Corp., 461 F.3d 639, 642-43 (6th Cir. 2006). No single factor is determinative, rather, "they are considerations representing a flexible approach." Moon, 461 F.3d at 643.

Defendants suggest that Plaintiff has not established the requisite degree of success to be eligible for an award of fees, given that the Sixth Circuit reversed the judgment in his favor. Although Plaintiff has not prevailed outright, he has "achieved some degree of success on the merits," which is sufficient to confer eligibility for an award of fees. McKay v. Reliance Standard Life Ins. Co., 428 Fed. Appx. 537, 546 (6th Cir. 2011) (quoting Hardt v. Reliance Standard Life Ins. Co., 130 S.Ct. 2149, 2152 (2010)). Aetna denied his claim; after this litigation, Plaintiff has obtained a "full and fair review" of his claim. As the Sixth Circuit explained, Plaintiff is "not a 'loser' in any sense; even if he ultimately is ineligible for benefits, he has still seen success on the merits because his case was remanded for further consideration." McKay, 428 Fed. Appx. at 546.

In reviewing the King factors, the court finds, as it did in its order dated July 10, 2012 (Docket No. 34), that the majority of them weigh in favor of a grant of attorney's fees. At that time, with respect to Defendants' culpability, the court found that "Aetna relied upon the conclusory findings of peer reviewers who did

not examine Plaintiff and ignored, without explanation, the findings of Plaintiff's treating physicians." Docket No. 34 at 2. The Sixth Circuit has agreed that Aetna "did not give a reasoned explanation for its decision." Aetna's failure to conduct a full and fair review in the first instance rises to the level of culpability that weighs in favor of a fee award. See McKay, 428 Fed. Appx. at 546 (affirming fee award where the plaintiff was not provided with a full and fair review and where matter was remanded for further consideration).

With respect to the second King factor, the Plan can satisfy an award of attorney's fees. Although this factor is not generally accorded great weight, it does weigh in favor of a grant of fees. See Moon, 461 F.3d at 644.

The third factor considers the deterrent effect of an award. The court in Moon noted "important principles that all plan administrators should heed," such as ensuring a "thorough review of the administrative record" and that physicians generally should base their opinions on "an actual physical examination of the claimant." Id. The court finds that an attorney fee award may deter Aetna and other insurance companies from relying too heavily on the opinions of their own experts and paper reviews and encourage full and fair reviews in the first instance.

The fourth factor, which considers whether a common benefit fund is created, is not applicable here. This factor does not weigh in favor of a fee award.

The fifth factor considers the relative merits of the parties' positions.  On this record, the Sixth Circuit could not say "that Fura is totally disabled as a matter of law," because "[c]ertain aspects of his treating physicians' reports, for example, appear conclusory."  However, the court noted that the "Aetna physicians' conclusions suffer from some serious flaws" and that they "failed to address significant material evidence."  The court concluded that "Aetna relied on reviewing physicians' opinions that did not address significant evidence of total disability.  Without an explanation for this evidence, we cannot find Aetna's decision to be reasoned." As a result, the court remanded for a full and fair review.

The court finds that the relative merits of the parties' positions weighs in favor of Plaintiff, given his "significant evidence of total disability" and Aetna's failure to conduct a full and fair review.  On balance, the court finds that the King factors weigh in favor of an award of attorney's fees.

Accordingly, the court must determine a reasonable fee.  A reasonable fee is one that is "adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004) (citation omitted).  Determining a reasonable fee begins with calculating the product of a "reasonable hourly rate" and the "number of hours reasonably expended on the litigation." Hensley v. Eckerhart, 461 U.S. 424, 433

(1983). "A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Village of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). A useful guideline in determining a reasonable hourly rate is the "prevailing market rate . . . in the relevant community," Blum v. Stenson, 465 U.S. 886, 895 (1984), defined as "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 350 (6th Cir. 2000).

Prior to the appeal, the court determined that Plaintiff's counsel's hourly rates were reasonable, the time spent on this matter was reasonable, and that Plaintiff's billing records were sufficiently detailed to support Plaintiff's fee request. See Docket No. 34. The court also found no basis to increase or decrease the lodestar amount. The court sees no basis to disturb these conclusions.

The court finds that the additional time spent on this matter on appeal (approximately 125 hours) is also reasonable, given the time and effort required in researching and writing the appellate brief and preparing for and attending mediation and oral argument. See Pl.'s Ex. B. The bulk of the work was performed by Jesse Young; the court does not find the relatively minimal work done by other lawyers on the file to be duplicative. The total amount of time spent on this case is in line with similar litigation before the court. Therefore, the court

will award Plaintiff his requested fees in the amount of $50,677.50, along with prejudgment and postjudgment interest, calculated consist with this court's July 10, 2012 order and 28 U.S.C. § 1961.  Docket No. 34.

Plaintiff also requests costs in the amount of $1,071.86.  Costs are taxed pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.  In reviewing a request for taxation of costs, the court must determine "first . . . whether the expenses are allowable cost items and then . . . whether the amounts are reasonable and necessary." Jefferson v. Jefferson County Pub. Sch. Sys., 360 F.3d 583, 591 (6th Cir. 2004).  The prevailing party has the burden of establishing that the expenses it seeks to have taxed as costs "are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920." Berryman v. Hofbauer, 161 F.R.D. 341, 344 (E.D. Mich. 1995).

Here, Plaintiff is seeking reimbursement for costs that are not taxable pursuant to 28 U.S.C. § 1920, such as postage, mileage, parking, and online research.  See King v. Gowdy, 268 Fed. Appx. 389, 391-92 (6th Cir. 2008).  See also Bill of Costs Handbook (E.D. Mich. Nov. 2013) (available at http://www.mied.uscourts.gov/PDF_Forms/Clerk/BillofCostsHandbook.pdf).  Plaintiff may revise and resubmit his bill of costs, with appropriate supporting documentation, for taxation by the Clerk of the Court.

## **ORDER**

IT IS HEREBY ORDERED that Plaintiff's renewed motion for an award of attorney fees, costs, and interest is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

                                                     s/John Corbett O'Meara
                                                     United States District Judge

Date: January 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, January 30, 2014, using the ECF system.

                                                     s/William Barkholz
                                                     Case Manager